PEDRO M. PORRATA, Petitioner, v. DISTRICT COURT OF PONCE, Respondent.

No. 1134. Argued April 9, 1938.—Decided April 29, 1938.

*Pedro M. Porrata, pro se* and as Commissioner; *'F. Ochoteco* for the executor Mario Mercado Riera; *I. Soldevila* for legatee Ventura; *F. Parra Toro* for legatees Mercado Parra; *José A. Poventud* for heir Adriano Mercado Riera; *C. Iriarte* for heir María Luisa Mercado Riera; and *M. Vahamonde* for legatees Delgado and Negrón.

MR. JUSTICE WOLF delivered the opinion of the court.

Mario Mercado Montalvo died, testate, on the 22nd of August, 1937. By will, he designated his eldest son, Mario Mercado Riera, executor of his estate and named as commissioner *(contador partidor)* Pedro M. Porrata. Each of the above persons accepted his testamentary office and entered into its duties.

On January 24, 1938, Adrián Mercado Riera, one of the four legitimate children of the testator, filed a petition in the District Court of Ponce entitled "Petition in regard to the beneficiary acceptance of inheritance and the making of an inventory" *(Escrito sobre aceptación beneficiaria de herencia y formación de inventario)*. Herein, the general provisions of the testator's will and the naming of the said Adrián Mercado Riera as one of the four universal heirs, were set forth. The legacies were also enumerated as were the names and addresses of the legatees. The sixth paragraph set out the creditors of the estate, under information and belief. After all this, the petitioner stated that he had none of the property of the inheritance in his possession, had taken no step as heir, and that no action had been brought against him with respect to such inheritance. After declaring that no inventory of the assets and liabilities of the estate had been prepared by anyone, and that the executor aforementioned was in possession of all the property of the estate with the corresponding evidence of title, the petitioner prayed that the court:

" . . . order said executor, Mario Mercado Riera, to appear in court, on the date set by the court, with a complete account and appraisal of the assets and liabilities of the estate, as well as with all other *data* necessary for the formation of the inventory of the property of the deceased; . . ." (Italics ours.)

The prayer also requested the citation, by the court, of all the legatees, creditors, heirs, representatives of minors, absentees, etc., and the prosecuting attorney *(Fiscal)*, so that they all could have an opportunity to witness, and intervene in, the making of the inventory.

In response to the above petition, the District Court of Ponce, on the same date, recognized the acceptance under benefit of inventory made by Adrián Mercado Riera and pursuant to what the court considered his rights as such accepting heir, ordered the executor to appear before said court

on March 11, 1938, at 10 A.M. with a "complete account of the assets and liabilities of the deceased, Mario Mercado Montalvo, together with all other data necessary for the making of the inventory of the property of the deceased . . ."

On January 26, 1938, Pedro M. Porrata, the commissioner, filed two motions, one requesting permission to be allowed to file another one wherein he sought to be considered as a party to the proceeding for the making of the inventory. This proceeding, No. 1213 of the lower court, begun by Adrián Mercado Riera, is the principal one in the certiorari before us. Without objection from the attorney for Adrián Mercado Riera, the commissioner was, by court order of February 8th, allowed to appear in the record of the case, No. 1213, *supra*. On February 10th, the commissioner, Pedro M. Porrata, then incorporated into the special proceeding already referred to, presented conjunctly, two more motions to the lower court in which he prayed:

(*a*) That the accepting heir amend his original petition and the subsequent citations whereby to recognize the commissioner as a party, in accordance with the order of February 8, 1938, and that all action be suspended until that should be done;

(*b*) That the order of January 24, 1938, requiring certain action from the executor in connection with the making of the inventory be set aside, and,

(*c*) That in its place another be issued directed at the commissioner, ordering him to prepare the inventory, and file it with the court within 60 days, or whatever term should seem convenient to the court in consideration of the size of the estate.

The lower court, on March 2, 1938, denied both of these motions, reserving the rights of the commissioner, as such commissioner. Motion for reconsideration was denied.

To annul the above order of March 2nd, the commissioner filed a petition for certiorari to this court. The writ was

issued and a full hearing has been held in which counsel for heirs, legatees and for the testamentary representatives appeared.

█ Regardless of whether a testamentary commissioner has any right to be made a party to a special proceeding for the beneficiary acceptance of an inheritance, the commissioner in this case was actually permitted to intervene by the court, and therefore the denial of his motion to have the petition for beneficiary acceptance and citation amended, if at all necessary, was absolutely correct.

█ As we have conceived the controversy, there are three main issues to determine:

I. Does an heir, who has accepted an inheritance under benefit of inventory, have an absolute right to demand that the making of such inventory be performed within a definite time?

II. If he has that right, can he request that it be judicial, if his acceptance has been judicial?

III. If both of the above questions are answered in the affirmative, by whom should that inventory or the information therefor be prepared or supplied?

Before proceeding further we wish to settle once and for all that the commissioner has an absolute right to make or obtain an independent inventory in order to proceed to the appraisal, liquidation, division and distribution of the hereditary estate, for the partition of that estate. This follows from the provisions of section 601 of the Code of Civil Procedure (1933 ed.), which reads:

"All such *information* as may be necessary for the appraisal, liquidation, division and distribution of the hereditary estate shall be transmitted to such commissioner, whether appointed by the decedent in his will, or by the district court." (Italics our.)

It appears from the above section that the "information" *(datos)* may be furnished to the commissioner, but there is nothing to prevent him from obtaining it for himself.

We have no quarrel with the commissioner's exclusive powers within the scope of his field of operation. However, after a well-considered analysis of the present proceeding, we have come to the conclusion that none of those powers has been encroached upon, as we shall attempt to demonstrate.

Although no important reason is expressly given by Adrián Mercado Riera for demanding the formation of the inventory, we are of the opinion that the Civil Code gives him such a right. Sections 964, 965, and 967 to 972 of the Civil Code (1930 ed.) provide:

"Section 964. Every heir may accept an inheritance under benefit of inventory, even though the testator should have forbidden it.

"He may also request the making of the inventory before accepting or repudiating the inheritance, in order to deliberate on this point.

"Section 965. The acceptance of the inheritance under benefit of inventory, may be made before a notary or in a writing before the district court having jurisdiction in testamentary or intestate proceedings.

"Section 967. The declaration referred to in the preceding sections shall not produce any effect whatsoever unless it be preceded or followed by a true and exact inventory of all the property of the estate, made with the formalities and within the periods fixed in the following sections.

"Section 968. An heir who may have in his possession the property of the estate or a part thereof, and who may wish to make use of the benefit of inventory or of the right to deliberate, shall state this to the district court of competent jurisdiction in testamentary or intestate proceedings, within ten days following that on which he has become aware that he is such an heir, if he resides in the place where the deceased may have died. If he resides outside of it the period shall be thirty days.

"In either case the heir must request, at the same time, the making of the inventory and the citation of the creditors and legatees in order that they may be present thereat if they wish to.

"Section 969. If the heir should not have in his possession the inheritance or a part of it, or has not taken any steps as such heir, the periods fixed in the preceding section shall be counted from the day following that on which the period fixed by the district court

for accepting or repudiating the inheritance expires, in accordance with section 959, or from the day on which he may have accepted it or has acted as heir.

"Section 970. With the exception of the cases referred to in the two preceding sections, if no action should have been brought against the heir, he may accept, under the benefit of inventory, or with the right to deliberate while the action to claim the inheritance does not prescribe.

"Section 971. An inventory shall be begun within the thirty days following the citation of the creditors and legatees and shall be finished within sixty days more.

"If, by reason of the property being situated at a long distance, or being very valuable, or for any other sufficient cause, said sixty days should appear insufficient, the district court may extend this period for such a time as it may deem necessary, which can not exceed one year.

"Section 972. If by the fault or negligence of the heir the inventory is not begun or finished within the periods, and with the formalities prescribed in the preceding sections, it shall be understood that he accepts the inheritance purely and simply."

We have formed the idea, from the above sections, and in accord with the majority of the commentators to the corresponding sections from the Spanish Civil Code, that the heir who has accepted the inheritance under benefit of inventory can request the formation of a judicial inventory. As we said in *González* v. *De la Guerra*, 46 P.R.R. 256, we are not entirely convinced that it must inevitably be judicial in its preparation, although it must always be exhibited in the clerk's office, and all interested parties notified so that they may raise the pertinent objections. We are more or less certain, however, that if the inventory has not preceded the conditional acceptance, the heir can always request that the inventory be made before the competent court. Furthermore, we have the idea that other heirs who may hereafter see fit to exercise such a conditional acceptance, and who have been duly cited in the present proceeding, will be bound, for the purpose of their special act, by the inventory eventually approved in this case. This dispels any danger of multiple inventories from other heirs at this stage of the inheritance.

We can not lose sight of the fact that the commissioner has been allowed to take part in the making of the inventory and can, by timely objections or suggestions, greatly aid the court in arriving at an early completion of the inventory. This inventory will help the executor in performing one of the fundamental duties of his office, to wit, the payment of the debts of the estate, and by so doing, the partitional operations may be greatly facilitated.

■ The remaining question to be answered is the one with regard to the propriety of the lower court's order to the executor. Once the conclusion is reached that the inventory can, and perhaps must, be judicial, then the manner in which the inventory should be made is, we think, largely discretional with the court. In this particular instance, the court chose to call upon the executor, inasmuch as he was in possession of all the property of the deceased, for whatever information he could give the court. It is true that the order expressly requires him to furnish a ''complete account and appraisal of the assets and liabilities of the estate, etc.,'' but any objections the executor may have as to his ability or duty to appraise, he may voice before the district court.

Four extensive briefs have been filed in this case, and it is impossible, and in many instances unnecessary, to answer all the legal points raised by the propounders of the various positions. The principal issue sub judice is not expressly covered by any of our codes, and it may be that the time has come for the legislature to harmonize, by framing a complete statute covering the special field before us, the Spanish and American principles governing this whole and not unimportant phase of the law of decedent's estates.

■ Perhaps even, it might have been more advisable to order the commissioner to make the inventory, but as all the property is apparently in the custody of the executor, and maybe for other reasons, the court had a discretion which we are not disposed to gainsay.

All the parties interested in the inheritance of Mario Mercado Montalvo should co-operate with the lower court in framing a judicial inventory with all due expedition so that this estate be taken one step further along its road to division and partition. The commissioner should, to avoid expense and a duplication of inventories, join in the proceedings wherein, at his own request, he was allowed to intervene.

For the above reasons we must annul the writ issued by us on March 8, 1938, and hereby order the return to the lower court, of all the records now before us, for further proceedings, and for the fixing of a new term within which to comply with the order of said court of January 24, 1938.